**UNITED STATES, Appellee,**

v.

**Lawrence ALBERT, Staff Sergeant, U.S. Marine Corps, Appellant.**

No. 63,463.

NMCM 88–4935.

U.S. Court of Military Appeals.

Submitted Feb. 21, 1990.

Decided Aug. 27, 1990.

For Appellant: *Major Gregory S. Warner*, USMC and *Lieutenant Jacob R. Walker*, JAGC, USNR (on brief).

For Appellee: *Commander Thomas W. Osborne*, JAGC, USN and *Lieutenant L. Lynn Jowers*, JAGC, USNR (on brief); *Commander P. J. McLaughlin*, JAGC, USN and *Lieutenant J. Richard Chema*, JAGC, USN.

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant entered into a pretrial agreement whereunder he agreed to plead guilty to two charges and the convening authority obligated himself to suspend any confinement in excess of 2 years and "all forfeitures in excess of $250 pay per month for ... 1 year." At the time of this agreement, appellant was serving on active duty

pursuant to an involuntary extension of his obligated service.

At trial, appellant entered the guilty pleas as agreed and was convicted pursuant thereto. The sentence adjudged was a bad-conduct discharge, 18 months' confinement, total forfeitures, and reduction to pay grade E–1. The convening authority suspended the forfeitures in accordance with the pretrial agreement; and the findings and sentence, as approved by the convening authority, were affirmed by the Court of Military Review in an unpublished opinion.

Under applicable regulations and a decision of the Comptroller General,* Albert was not entitled to receive any pay after his conviction because his obligated period of active service had expired and had been involuntarily extended pending trial by court-martial. Therefore, the portion of the pretrial agreement which limited the forfeitures of pay to $250.00 per month for a year was of no practical benefit to appellant because, regardless of the sentence adjudged and approved, he would not have received any pay or allowances.

With this in mind, appellant now has raised this issue, review of which we granted:

WHETHER THE GOVERNMENT FULLY COMPLIED WITH THE TERMS OF APPELLANT'S PRETRIAL AGREEMENT.

█ If we answer this issue in the negative, Albert would be entitled to relief—either enforcement of the agreement or setting aside the guilty pleas as improvident. Certainly, when a prosecutor violates a plea bargain, the defendant is entitled either to specific performance or to an opportunity to withdraw his guilty pleas. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

█ In *United States v. Olson*, 25 MJ 293 (CMA 1987), we gave relief to an accused who had complied with the terms of his pretrial agreement but, due to action by

* *Cf.* 39 Comp. Gen. 42 (1959).

the Government, had not received the benefit of his bargain. *See also United States v. Churnovic*, 22 MJ 401 (CMA 1986) (convening authority attempted to prosecute the accused after promising not to do so); *United States v. Brown*, 13 MJ 253 (CMA 1982) (convening authority acted without the promised input of a particular staff judge advocate); *United States v. Cifuentes*, 11 MJ 385 (CMA 1981) (convening authority commuted a fine to forfeitures after promising to disapprove any fine adjudged); *United States v. Jenkins*, 30 MJ 1101 (NMCMR 1989) (convening authority approved the sentence as adjudged after promising to suspend portions of the punishment).

This case, however, is different from *Olson*, where the Air Force recouped $1,107.07 in restitution after representing at trial that the accused already had made the restitution agreed upon. Here, no representation was made by the convening authority or trial counsel; and the convening authority did exactly what he had promised to do. Moreover, the pretrial agreement was proposed by appellant and his counsel; and in no way was it forced upon him by the Government.

Appellant is not entitled now to complain that the approved sentence had collateral consequences unforeseen by any of the parties. Indeed, the result here is governed by *United States v. Bedania*, 12 MJ 373 (CMA 1982), which held that the accused's entitlement to pay was beyond the purview of the court-martial and the pretrial agreement. *Cf. United States v. Pajak*, 11 USCMA 686, 29 CMR 502 (1960); *United States v. Cleckley*, 8 USCMA 83, 23 CMR 307 (1957).

If the military judge had adjudged a sentence which included confinement but no forfeitures, the portion of the pretrial agreement concerning forfeitures would have been inoperative by its own terms, and the sentence itself would have had no effect on appellant's pay. Nonetheless, under the applicable pay regulations, appel-

lant would have received no pay and allowances. He can hardly complain that he will not receive any pay or allowances even though the convening authority reduced the adjudged sentence exactly as had been promised.

We also disagree with any contention by appellant that his pleas of guilty were improvident because in some way they had been induced by the convening authority's promise to suspend forfeitures in excess of $250 per month for 1 year. Even making allowance for Albert's desire to assure that his family would receive support during any period of confinement, we are convinced beyond any reasonable doubt that, if he had been fully apprised of his pay status as it existed at the time and had been offered a pretrial agreement which limited confinement but included no reference to forfeitures, he would have accepted it and entered the same pleas of guilty.

We conclude, therefore, that the Government complied with the pretrial agreement, that the guilty pleas were provident, and that the findings based thereon should not be set aside.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

*Judges COX and SULLIVAN concur.*