SCHREIER, Senior Judge:
Appellant pled guilty to distributing marijuana on divers occasions over a two month period. Article 112a, UCMJ, 10 U.S.C. § 912a (1994). The military judge sentenced him to a dishonorable discharge, confinement for 30 months, forfeiture of $500 pay per month for 30 months, and reduction to E-l. The convening authority modified the sentence approving only a sentence to a bad-conduct discharge, confinement for 24 months, forfeiture of $500 pay per month for 24 months, and reduction to E-l. Appellant asserts two errors claiming that his plea was improvident because the convening authority failed to comply with the pretrial agreement and that his sentence is too severe. Finding no error, we affirm.
BACKGROUND
Appellant was initially charged with one specification of distributing marijuana on divers occasions and another specification alleging a single distribution of cocaine. He was also charged with soliciting another to distribute marijuana. Before the Article 32, UCMJ, investigation, two additional charges of conspiracy and solicitation were preferred. The Article 32 Investigating Officer recommended dismissal of the original solicitation charge for failing to state an offense and trial by court-martial for the remaining charges. The commander dismissed the initial solicitation charge and the remaining charges were *831 forwarded to the convening authority. At this time, the appellant submitted an offer for a pretrial agreement. The convening authority accepted the pretrial agreement agreeing to “withdraw” the additional charges and specifications as well as the specification alleging distribution of cocaine. The convening authority never referred the additional charges and specifications based on this pretrial agreement.
Initially, the parties at trial were confused about the disposition of the additional charges. However, after contacting the convening authority’s staff judge advocate, the government reported that the additional charges were not referred pursuant to the pretrial agreement. The military judge advised the appellant that those charges were not before him and allowed the appellant an opportunity to consult with counsel. Appellant made no objection to the procedure. However, in entering his pleas, defense counsel indicated that appellant pled not guilty to the additional charges. The military judge again reminded appellant that those charges were not properly before the court. After his guilty plea was accepted, the government moved to dismiss the distribution of cocaine specification pursuant to the pretrial agreement.
Following the imposition of sentence, the military judge reviewed the appendix to the guilty plea. He noted that under the terms of the pretrial agreement the convening authority would withdraw the additional charges. He went on to state that since the charges “were never referred, therefore, they do not need to be withdrawn.” He then stated: “That appears to be the entire contents of the quantum portion. Is that correct?” All parties agreed. They further agreed that the convening authority had met his quantum portion obligations. Appellant did not challenge this interpretation of the agreement during trial or in his posttrial clemency submissions.
Appellant now argues that his plea is improvident because the convening authority did not comply with the terms of the pretrial agreement. Appellant implies that the convening authority was required to refer the charges and then dismiss them to comply with the agreement. Appellant further speculates that the failure to refer the additional charges results in a windfall for the government by failing to bar prosecution for those offenses.
DISCUSSION
Appellant entered the pretrial agreement with the idea that he would face, a court-martial only on a specification alleging distribution of marijuana. The confusion occurred because the convening authority accepted the pretrial agreement on 5 April, several weeks before referring the charges in the case. It appears that the convening authority believed he could not refer the additional charges because of the signed pretrial agreement.
A pretrial agreement which has been reasonably relied upon by an accused will be enforced against the government. United States v. Hodges, 22 M.J. 260, 263 (C.M.A.1986). In this instance, there is no indication that the appellant did not receive the benefit of his bargain. He faced trial only on the specification alleging distribution of marijuana. Despite appellant’s assertion that the convening authority’s method of complying with the pretrial agreement does not protect him from future prosecution, there is no indication that the government intends to prosecute him for the remaining charges. The appellant asserts this case is similar to United States v. Cabral, 20 M.J. 269, 274 (C.M.A.1985) (PTA agreed to approve only any adjudged reduction. However, the convening authority allowed an automatic reduction provision to reduce the reduction below that adjudged). However, unlike Cabral, here the government has done nothing to take advantage of a potential ambiguity in the pretrial agreement.
In this case, we find that the convening authority met the terms of the pretrial agreement. The agreement itself uses the term withdraw and does not specify that the charges should be referred and then dismissed. Appellant proposed the terms of the pretrial agreement and either knew or should have known before trial that the additional charges were not referred. Further *832 more, before appellánt entered his pleas he was well aware that the convening authority-had not referred the additional charges in compliance with the pretrial agreement. Appellant had ample opportunity during trial to discuss this matter with defense counsel. Moreover, appellant never questioned whether this action complied with the terms of the pretrial agreement during trial or in his post-trial submissions. Finally, appellant’s counsel affirmatively agreed that the convening authority had met the quantum portions of the pretrial agreement. We specifically reject appellant’s argument that his acknowledgement that the convening authority had met the quantum portions of the pretrial agreement was limited only to those charges properly before the court. Under the total circumstances of this case, we find that the appellant waived any objection to the convening authority’s method of complying with the terms of the pretrial agreement.
Moreover, even if we were to determine that either appellant’s passive failure to object to the convening authority’s method of compliance or his affirmative agreement with the convening authority’s action did not constitute waiver, we are not inclined to find that the convening authority has violated his or her duties under a pretrial agreement based on the remote possibility that the withdrawn charges could be reinitiated at some future time. See United States v. Bedania, 12 M.J. 373, 375 (C.M.A.1982) (even if pretrial agreement contemplated no administrative discharge, appellant is not entitled to relief when approved administrative discharge has been remitted and the threat of separation for the offense no longer exists). Appellant received the benefit of his bargain, and there is no evidence of government overreaching to deprive him of the benefit of his bargain. In fact, if the government attempted to resurrect the withdrawn charges at some future time, appellant would have a basis for complaint and this Court would have a basis for remedial action. However, absent government action any allegation of future harm must be more than a speculative possibility to void a pretrial agreement. Compare with Cabral, 20 M. J. at 274.
Next, appellant alleges that his sentence is too severe. We have considered appellant’s prior good duty performance, his character, the clemency submissions, and the recommendations of others. We have also considered that on three separate occasions he transferred some quantity of marijuana to another airman. We further note that the convening authority has granted substantial relief in modifying what may have been an inappropriate sentence. We find that his sentence, as modified, is appropriate. United States v. Healy, 26 M.J. 394, 395 (C.M.A 1988); United States v. Snelling, 14 M.J. 267, 268 (C.M.A.1982).
The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are
AFFIRMED.
Chief Judge DIXON and Judge STARR concur.