**UNITED STATES, Appellee,**

v.

**George E. WILLIAMS, Jr., Radioman
Second Class, U.S. Navy,
Appellant.**

No. 99–0409.
Crim.App. No. 97–0848.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 9, 1999.

Decided Aug. 18, 2000.

SULLIVAN, J., delivered the opinion of the Court, in which GIERKE, and EF-FRON, JJ., and COX, S.J., joined. CRAW-FORD, C.J., filed an opinion concurring in the result.

For Appellant: *Lieutenant John D. Holden,* JAGC, USNR (argued) (on brief).

For Appellee: *Lieutenant James E. Grimes,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Commander Eugene E. Irvin,* JAGC, USN (on brief).

Judge SULLIVAN delivered the opinion of the Court.

On February 26, 1997, appellant was tried by a general court-martial composed of a military judge sitting alone at the Naval Trial Service Office Southeast, Corpus Christi Detachment, Corpus Christi, Texas. In accordance with his pleas, he was found guilty of 2 specifications of making and uttering bad checks, in violation of Article 123a, Uniform Code of Military Justice, 10 USC § 923a, and obtaining services under false pretenses, in violation of Article 134, UCMJ, 10 USC § 934. He was sentenced to a bad-conduct discharge, confinement for 10 months, total forfeitures, and reduction to pay grade E–1. On April 14, 1997, the convening authority approved the adjudged sentence but, in accordance with a pretrial agreement, he suspended adjudged forfeiture of pay for 12 months with provision for automatic remission and waived automatic forfeitures for 6 months. The Court of Criminal Appeals affirmed the findings and sentence as adjudged and approved. *United States v. Williams*, 49 MJ 542 (N.M.Ct.Crim.App.1998).

On June 4, 1999, this Court granted appellant's petition for review on three issues:

I. WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL DEFENSE COUNSEL FAILED TO ASCERTAIN AND ADVISE APPELLANT ABOUT THE PRACTICAL CONSEQUENCES OF A MATERIAL PROVISION OF THE PRETRIAL AGREEMENT, PARAGRAPH 3 OF THE MAXIMUM SENTENCE APPENDIX.

II. WHETHER APPELLANT'S PLEAS TO ALL CHARGES AND SPECIFICATIONS WERE IMPROVIDENT BECAUSE APPELLANT WAS ERRONEOUSLY INDUCED INTO PLEADING GUILTY BY AN HONEST AND SUBSTANTIAL MISUNDERSTANDING AS TO A MATERIAL TERM IN THE PRETRIAL AGREEMENT, PARAGRAPH 3 OF THE MAXIMUM SENTENCE APPENDIX.

III. WHETHER THE LOWER COURT ERRED IN REFUSING TO FIND THAT THE MILITARY JUDGE HAD FAILED TO CONDUCT AN ADEQUATE INQUIRY TO DETERMINE IF APPELLANT UNDERSTOOD THE MEANING AND EFFECT OF PARAGRAPH 3 OF THE SENTENCE LIMITATION APPENDIX TO THE PRETRIAL AGREEMENT.

In accordance with the Government's concession on Issue II, we resolve this question in appellant's favor and remand this case for a rehearing. *See generally United States v. Bedania*, 12 MJ 373, 376 (CMA 1982).

The appellate court below found the facts pertinent to our review of this case. It stated:

The operative provision of the appellant's pretrial agreement consists of the following language:

3. **Forfeiture or Fine:** All fines and/or forfeitures will be suspended for a period of twelve (12) months from the date that the sentence is adjudged, at which time, unless sooner vacated, the suspended fines and/or forfeitures will be remitted without further action. This agreement also constitutes a request by the accused for, and approval by the convening authority of, a six-(6) month waiver of automatic forfeitures which may be imposed pursuant to Art. 58b of the UCMJ.

Appellate Exhibit III. The military judge misadvised the appellant that the convening authority was obligated to suspend forfeitures of pay for 10 months from the date of sentencing. Record at 71. *The military judge then advised the appellant that the convening authority had agreed to waive for 6 months the automatic forfeitures required by Article 58b, 10 USC § 858b, "the benefit of that waiver being to your dependents." Id. The appellant and both counsel indicated their agreement with the military judge's understanding of the effects of the pretrial agreement. Id.*

At the time of the appellant's court-martial, he was on legal hold since the expiration of his active obligated service 2

weeks earlier. Record at 15. *Neither the appellant nor his defense counsel were aware of the Department of Defense Regulation which provides that servicemembers on legal hold who are later convicted of an offense under the UCMJ forfeit the right to accrue pay or allowances after the conviction.* *See* Defense counsel's affidavit dated 4 March 1998. Leave–and–Earning Statements attached to the record of trial via motion indicate that no pay or allowances were disbursed to the appellant after the convening authority took action on the sentence.

Nearly 11 months after his general court-martial the appellant filed with this court an affidavit in which he made the following averments:

1. I entered into a pre-trial agreement with the convening authority in my general court-martial (Case No. 9700848).

2. The only reason I entered into the pretrial agreement was because, in exchange for my pleas of guilty, the convening authority agreed to: 1) suspend all adjudged forfeitures and fines for a period of 12 months, and 2) to waive all automatic forfeitures under article 58b, UCMJ for a period of six months.

3. At the time I entered into the pretrial agreement, I fully expected that my dependent would receive my full pay and allowances for six months after the date of the court-martial.

Post-trial affidavit of George E. Williams, Jr., dated 11 January 1998. In a post-trial affidavit dated 4 March 1998, the appellant's trial defense counsel indicated that the pretrial agreement provision for suspending adjudged and automatic forfeitures was because the appellant "was concerned that his family would otherwise be without any source of income." In another post-trial affidavit, dated 17 April 1998, the trial defense counsel indicated that the main concern of the appellant and his family was the confinement which they wanted to limit. The defense counsel stated his belief that the appellant's assertions "that

forfeitures were all that he was concerned with is patently false and misleading."

*United States v. Williams,* 49 MJ at 545.

———— ——— ————

Our starting point on this appeal is the Government's concession that "because appellant did not receive the benefit of his bargain, his pleas were not provident." Govt's Answer to Final Brief at 3. It based this concession on the decisions of this Court in *United States v. Mitchell,* 50 MJ 79 (1999), and *United States v. Olson,* 25 MJ 293 (1987). We accept this concession by the Government. *See United States v. Bedania, supra; see generally Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (an accused is entitled to the benefit of the bargain on which his guilty plea is based).

The Government clearly articulated why the above cases required it to concede this issue. It said:

Based upon this controlling precedent, the Government is constrained to agree that on the facts of this case, appellant's pleas are improvident. Under *Olson,* the term in question herein, suspension and waiver of forfeitures, is material because it was interjected into the proceedings by the PTA. *Id.* at 297. Just as in *Olson,* all of the parties misunderstood the Government's ability to comply with this term. *Id.* This "misunderstanding as to [this material] term gives appellant the right to rescind the agreement." *Id.* Accordingly, because appellant did not receive the benefit of his bargain, his pleas are improvident, the findings should be set aside, and appellant should be retried. *Mitchell,* 50 MJ at 82; *Olson,* 25 MJ at 297–98.

Govt. Brief at 8 (footnotes omitted).

It further stated:

Even if this term were collateral, the Government would still be constrained to agree with appellant. As this Court has noted,

When collateral consequences of a court-martial conviction ... are relied upon as the basis for contesting the providence of a guilty plea, the appellant is entitled

to succeed only when the collateral consequences are major and the appellant's misunderstanding of the consequences ... is induced by the trial judge's comments during the providence inquiry....

*United States v. Bedania*, 12 MJ 373, 376 (CMA 1982). Here, the military judge specifically told appellant that as a result of the pretrial agreement, the convening authority would suspend the adjudged forfeitures and that automatic forfeitures would be waived for the benefit of appellant's dependents. (R. 71.) Thus, even if the provision is collateral, appellant is entitled to succeed.

Govt. Brief at 8 n. 1.

This Court's decision in *United States v. Albert*, 30 MJ 331 (1990), *cert. denied*, 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 672 (1991), does not dictate a contrary result. There, this Court affirmed a guilty plea made pursuant to a pretrial agreement which contained a provision for suspension of forfeitures which ultimately provided no practical benefit to that accused. However, the automatic forfeiture provisions of Article 58b, UCMJ, 10 USC § 858b, were not in effect at that time. In addition, we relied on *United States v. Bedania, supra*, to determine that the unilateral misunderstanding of the accused in that case had no impact on the validity of the guilty pleas.

■ In *Bedania*, we delineated the test for determining whether a misunderstanding by an accused of a term in a pretrial agreement could invalidate a guilty plea. We said:

We agree with [*U.S. v.*] *Santos* [4 MJ 610 (NCMR 1977)] that the divorce of administrative-discharge proceedings from the military justice system does not inevitably require that a guilty plea be upheld as provident despite the accused's misapprehension of the possibility or the likelihood that he will be administratively discharged. *However, when collateral consequences of*

*a court-martial conviction-such as administrative discharge,* loss of a license or a security clearance, removal from a military program, failure to obtain promotion, deportation, or public derision and humiliation-are relied upon as the basis for contesting the providence of a guilty plea, *the appellant is entitled to succeed only when the collateral consequences are major and the appellant's misunderstanding of the consequences (a)* results foreseeably and almost inexorably from the language of a pretrial agreement; *(b)* is induced by the trial judge's comments during the providence inquiry; or *(c) is made readily apparent to the judge, who nonetheless fails to correct that misunderstanding.* In short, chief reliance must be placed on defense counsel to inform an accused about the collateral consequences of a court-martial conviction and to ascertain his willingness to accept those consequences.

12 MJ at 376 (emphasis added).

■ Turning to appellant's case, we agree with the Government that it meets these requirements. *See United States v. Olson, supra* at 297. Where, as here, an accused pleads guilty relying on incorrect advice from his attorney on a key part of the pretrial agreement (entitlement to pay), and the military judge shares that misunderstanding and fails to correct it,* a plea can be held improvident. Ignorance of the law on a material matter cannot be the prevailing norm in the legal profession or in the court-martial process. Accordingly, we accept the Government's concession to the vacation of the instant pleas. *See also United States v. Hardcastle*, 53 MJ 299 (2000) (opinion of Sullivan, J.).

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is reversed; the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

---

* Appellate Exhibit V (R. 74) is a service-record-book entry which was expressly called to the judge's attention prior to the conclusion of this court-martial. It states, "6 Feb 97: Held involuntarily beyond normal expiration of obligated service awaiting trial by court-martial. Authority MILPERSMAN 1050155." The charge sheet also shows that he enlisted on February 15, 1991, for 6 years and the date of appellant's trial was February 26, 1997. (R. 45–46; 73–74)

CRAWFORD, Chief Judge (concurring in the result):

I concur with reversing this conviction based solely on appellate government counsel's concession. Presumably, the Government prefers to have the findings of guilt set aside and to shoulder the expense of a rehearing rather than to fashion a remedy to provide appellant the benefit of his plea bargain. *See United States v. Mitchell,* 50 MJ 79, 82–83 (1999); *United States v. Olson,* 25 MJ 293, 299 (CMA 1987). *Cf. Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Government counsel's capitulation despite the Court of Criminal Appeal's findings, a shared belief that *United States v. Mitchell, supra,* serves as controlling precedent for this case, and the glaring absence of citation to more persuasive precedent requires that I write.

Facing a maximum punishment that included, *inter alia,* 145 years and 6 months' confinement, appellant negotiated a pretrial agreement with his convening authority. Appellant agreed to plead guilty to making and uttering 29 checks (the value of which exceeded $20,000) with intent to defraud, and to obtaining services (of a value exceeding $1200) under false pretenses. The convening authority agreed to suspend any adjudged confinement exceeding 12 months, and to suspend all forfeitures and fines as well as to waive, for 6 months, automatic forfeitures imposed pursuant to Article 58b, UCMJ, 10 USC § 858b. Neither the defense counsel, trial counsel, staff judge advocate, nor military judge knew that servicemembers, such as appellant, who are held beyond the expiration of their service commitments for trial by court-martial, and are later convicted and incarcerated, are not entitled to pay. *See United States v. Albert,* 30 MJ 331 (CMA 1990), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 672 (1991); 39 Comp. Gen. 42 (1959).

At trial, appellant pled guilty and was sentenced to a bad conduct discharge, confinement for 10 months, total forfeitures, and reduction to E–1. The convening authority approved the sentence and upheld his end of the bargain by suspending all forfeitures of pay for 12 months and waiving all automatic forfeitures required by Article 58b for 6 months. Because he was entitled to no pay, appellant did not reap the benefit of the pretrial agreement as it related to fiscal considerations.

Before the Court of Criminal Appeals, appellant asserted that the *only* reason he entered into the pretrial agreement was to secure the financial benefits therein, and ensure his family members would receive his full pay and allowances for the 6 months following his court-martial. The Court of Criminal Appeals found otherwise. 49 MJ 542, 547 (1998).

I agree with the majority that the issue is whether this appellant understandingly, voluntarily, and intelligently entered into his pretrial agreement. *See Brady v. United States,* 397 U.S. 742, 747 and n. 4, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). RCM 705(c)(1)(A). A guilty plea that is induced by threats, misrepresentations, or false promises will fall. *See United States v. Burnell,* 40 MJ 175, 176 (CMA 1994). A plea bargain that is otherwise voluntarily proposed, but based on a misunderstanding (that is not substantial) of the maximum sentence that could be adjudged will stand. *See United States v. Mincey,* 42 MJ 376, 378 (1995); *United States v. Hemingway,* 36 MJ 349 (CMA 1993); *United States v. Poole,* 24 MJ 539 (ACMR 1987), aff'd 26 MJ 272 (CMA 1988); *United States v. Hunt,* 7 MJ 985 (ACMR 1979), aff'd 10 MJ 222 (CMA 1981). Similarly, plea bargains that have unforseen collateral consequences will be upheld. *United States v. Albert, supra; United States v. Bedania,* 12 MJ 373 (CMA 1982).

In my opinion, this case fits squarely within the four corners of *United States v. Albert, supra,* a unanimous opinion of this Court which has been overlooked by both counsel and the courts below. The issue in *Albert* was whether the Government fully complied with the terms of a pretrial agreement, similar in nature to the one in the case *sub judice.* While this appellant has phrased the granted issue differently from that in *Albert,* the core question remains identical—voluntariness of the plea. I can find nothing in

the record that convinces me that the Government induced or tricked appellant into pleading guilty with a false promise of financial relief. Further, I share the lower court's view that a misunderstanding of the potential monetary benefit accompanying this guilty plea did not significantly contribute to appellant's decision to plead guilty.

Should the Government distinguish *Albert* and decide that the financial relief for which appellant bargained was material to his guilty plea, it still has the option of making appellant whole in lieu of treating the plea as improvident. *See United States v. Olson, supra; United States v. Cooke,* 11 MJ 257, 261 (CMA 1981)(when accused enters a guilty plea believing that a pretrial agreement exists, the lack of such agreement does not negate the plea's voluntariness when the Government grants the relief for which appellant had bargained). As we found in *Olson,* our jurisdictional limitations on adjudicating pay disputes, coupled with the abundant experience and expertise in interpreting service regulations found in the Courts of Criminal Appeals, augur well for resolving this matter in the court below. *See* Art. 66, UCMJ, 10 USC § 866 (1994); *see generally Mitchell, supra* at 83. Inexplicably, the Government has declined to make any such argument.

In both *United States v. McLaughlin,* 50 MJ 217 (1999), and *United States v. Clark,* 53 MJ 280 (2000), we acknowledged the Manual for Courts–Martial remedy for impermissible pretrial-agreement terms—do not enforce them. RCM 705(c)(1)(B). I would adopt the reverse side of that coin in this and similar cases—make an appellant whole by paying him.

Notwithstanding the force of precedent from this Court, and the decision of the Court of Criminal Appeals below, the Government has elected to support appellant's position. Accordingly, I concur, albeit reluctantly, with setting aside the findings and sentence.