# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Thomas O. ARMSTRONG
### Chief Quartermaster (E-7) (Retired), U.S. Coast Guard

## CGCMG 0120

## Docket No.  1076

## 6 February 2002

General Court-Martial convened by Commander, Eleventh Coast Guard District.  Sentencing rehearing conducted at Maintenance and Logistics Command Alameda, California, on 1 February 2001.

| | |
|---|---|
| Military Judge: | Col. R.G. Gibson, USAF |
| Trial Counsel: | LT(jg) Mark A. Cunningham, USCGR |
| Assistant Trial Counsel: | LT(jg) Rachael B. Bralliar, USCGR |
| Detailed Defense Counsel: | LCDR William J. Shelton, USCGR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

## BEFORE
## PANEL FOUR
## BAUM, KANTOR, & KILROY
Appellate Military Judges

KILROY, Judge:

On 29 September 1999, this Court reviewed Appellant's general court-martial in which he pled guilty to some offenses pursuant to a pretrial agreement, and not guilty to others, with guilty findings resulting from both types of pleas.[1]  The Court found implied-bias error with respect to a court member, and set aside the sentence and the guilty findings that were not based on pleas of guilty.  The findings resulting from guilty pleas were determined to be not affected by the error and were affirmed.[2]  The record was returned for a rehearing on the findings and sentence, with authorization for a rehearing on the sentence only, if a rehearing on the findings

---

[1] *United States v. Armstrong*, 51 M.J. 612, 613 (C.G.Ct.Crim.App. 1999), *aff'd* 54 M.J. 51 (2000).

[2] Those findings of guilty were for the following offenses: two specifications of violating a lawful general order by engaging in an inappropriate relationship with a subordinate in violation of Article 92 of the Uniform Code of Military Justice (UCMJ); two specifications of larceny in violation of Article 121, UCMJ; and 26 specifications of making and uttering forged checks in violation of Article 123, UCMJ.

was deemed impracticable. A rehearing on the sentence only has been held before a judge alone, who sentenced Appellant to confinement for ten months and a reprimand. The convening authority approved the sentence and ordered credit for punishment served after the first trial.

Before this Court, Appellant has assigned two errors: that the reprimand should be disapproved because the convening authority has forwarded the record for appellate review without issuing it and that Appellant's original pleas of guilty were improvident because of an honest and substantial misunderstanding of a material term of the pretrial agreement.

I.

Appellant complains that his adjudged and approved punitive reprimand was not issued as part of the convening authority's action, as "normally" required by the Coast Guard Military Justice Manual, and that a copy of the reprimand was not appended to the convening authority's action, also as required by the Manual. Commandant Instruction M5810.1D, Art. 5.F.1.d. (Aug. 17, 2000). Appellant asks that the reprimand portion of the sentence be disapproved. We would hesitate to disapprove an otherwise appropriate reprimand because of a failure to include a copy in the record. The record could be supplemented at this point. However, the Government has recommended disapproval of the reprimand, noting that it has still not been issued. We will therefore disapprove the reprimand.

II.

Appellant now contends that his guilty pleas at the original trial were improvident, because of a misunderstanding with respect to his pretrial agreement. Appellant's enlistment expired, and his pay stopped, 8 July 1996, some 3 months after he entered confinement. He submits that his understanding of the pretrial agreement's limit on forfeitures was that his family would continue to receive his pay throughout the period of his confinement, and that this objective was frustrated by the stoppage of his pay.

Appellant's pretrial agreement called for the convening authority to disapprove any forfeitures and fine in excess of $10,000 and to remit any portion of forfeitures and fine equivalent to restitution made pursuant to the agreement. In fact, however, while the original trial court did impose a fine of $1200, no forfeitures were adjudged.

Appellant's situation is similar to the hypothetical proposed by the Court in *United States v. Albert*, 30 M.J. 331 (CMA 1990). "If the military judge had adjudged a sentence which included confinement but no forfeitures, the portion of the pretrial agreement concerning forfeitures would have been inoperative by its own terms, and the sentence would have had no effect on appellant's pay." *Id.* at 332.

As the Court did in *Albert*, we rely on the test delineated in *United States v. Bedania*, 12 M.J. 373 (CMA 1982), to determine whether Appellant's alleged misunderstanding of the forfeiture provision in the pretrial agreement could invalidate his pleas. *See United States v. Williams*, 53 M.J. 293, 296 (2000).

[W]hen collateral consequences of a court-martial conviction . . . are relied upon as the basis for contesting the providence of a guilty plea, the appellant is entitled to succeed only when the collateral consequences are major and the appellant's misunderstanding of the consequences (a) results foreseeably and almost inexorably from the language of a pretrial agreement; (b) is induced by the trial judge's comments during the providence inquiry; or (c) is made readily apparent to the judge, who nonetheless fails to correct that misunderstanding.

*Bedania*, 12 M.J. at 376.

With respect to the first prong of the *Bedania* test, we find nothing in the language of Appellant's pretrial agreement that would even suggest to Appellant, much less "inexorably" mislead him to believe, that his pay could be expected to continue beyond the expiration of his enlistment.

Regarding the second prong, though the forfeiture provision was extensively discussed at Appellant's original trial, the discussion centered on his understanding of the relationship between any restitution he might make and the agreement's cap on fines and forfeitures. There was no mention of his expectations regarding continuation of his pay or to whom it might be paid. Nothing in the judge's comments could have induced a misunderstanding regarding the effect of expiration of his enlistment on his pay.

Finally, if Appellant had any particular expectations regarding his pay, he did not make them readily apparent to the judge at the original trial. Regarding this last prong of the *Bedania* test, *viz.*, that the judge failed to correct a readily apparent misunderstanding, it could be argued that, although Appellant's misunderstanding was not made readily apparent to the judge at the original trial, it was made readily apparent to the judge at the sentence rehearing, and that he failed to correct the misunderstanding. Appellant's spouse testified at the rehearing that the convening authority had advised her at the time of the initial trial that she was "going to continue to get at least E-6 pay throughout his time in confinement." It was acknowledged by the court that Appellant's pay had stopped during his confinement. The point was raised by the defense at the rehearing, however, apparently in mitigation of any sentence the court might impose. Appellant never made any attempt at the rehearing to raise allegations of improvidence of his pleas, or to relate in any way the discontinuation of his pay to his understanding or misunderstanding of the original pretrial agreement forfeiture provision. If Appellant felt he had misunderstood the forfeiture provision of the initial agreement, he failed to make it readily apparent to the sentencing judge at the rehearing. In fact, prior to the rehearing, Appellant entered into a new pretrial agreement that contained no provisions regarding fines or forfeitures.

The instant case, like *Albert*, arose prior to the time that the automatic forfeitures of Article 58b, UCMJ, 10 U.S.C. § 858b, went into effect. *See Williams*, 53 M.J. at 296. This case is to be distinguished therefore from the growing line of cases finding improvidence of pleas resulting from pretrial agreement provisions for waivers of automatic forfeitures in favor of the appellant's dependents. This is not a case in which "the Government has not fulfilled its part of the agreement." *United States v. Smith*, 2002 CAAF LEXIS 96 (Jan. 30, 2002). In the instant case, the Government fulfilled every requirement of the pretrial agreement. Nor, as noted above,

is the instant case one in which an appellant's misunderstanding flows "foreseeably and almost inexorably" from language in the pretrial agreement promising to "pay the dependents of the accused." *United States v. Perron*, 53 M.J. 774 (C.G.Ct.Crim.App. 2000). This is instead a case in which the asserted "unilateral misunderstanding of the accused . . . had no impact on the validity of the guilty pleas." *Williams*, 53 M.J. at 296.

In light of the foregoing, no modification of the previously affirmed findings of guilty is warranted. The reprimand is set aside, but the rest of the sentence approved below is affirmed.

Chief Judge BAUM and Judge KANTOR concur.

For the Court,



Kevin G. Ansley
Clerk of the Court