# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

### No. 201700059

————————————

### UNITED STATES OF AMERICA
Appellee

v.

### ASHLY PINARD
Airman (E-3), U.S. Navy
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Brian Lansing, JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic, Norfolk, VA
Staff Judge Advocate's Recommendation: Commander Irve C. Lemoyne, JAGC, USN.
For Appellant: Captain Scott F. Hallauer, JAGC, USN.
For Appellee: Lieutenant George R. Lewis, JAGC, USN.

————————————

Decided 13 June 2017

————————————

Before MARKS, RUGH, and ELLINGTON, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of one specification of conspiracy to commit larceny and one specification of larceny in violation of Articles 81 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 921 (2012). The military judge sentenced the appellant to six months' confinement, a $4,000.00 fine, reduction to pay grade E-1, and a bad-conduct discharge. The

convening authority approved the sentence as adjudged and, pursuant to a pretrial agreement (PTA), attempted to waive the adjudged fine "for the maximum allowable period of six (6) months pursuant to Articles [sic] 58b(a)(2)[, UCMJ.]"

Although no issues were raised by the parties, we directed the government to show cause why the court should not disapprove the sentence to a fine of $4,000.00.

In the PTA, the convening authority agreed to disapprove any adjudged fine that exceeded $4,000.00 and approve the deferral and waiver of adjudged fines "pursuant to Article 57(a)(2), UCMJ."[1] In attempting to make sense of this provision after the announcement of sentence, the military judge asked "[t]hen what happens to the fine after [the convening authority acts on the sentence]?"[2] The trial counsel replied:

> Your Honor, my understanding and our position is that it's deferred until the convening authority's action, and that which is not cancelled out by the PTA would then take effect at that time.[3]

The defense counsel and the appellant both concurred with the trial counsel's interpretation. However, the parties did not discuss the meaning or intent of the concomitant "waiver of adjudged fines" provision in the PTA.

Article 57(c), UCMJ, directs that a fine is "effective on the date ordered executed." 10 U.S.C. § 857 (2016). Article 58b(b), UCMJ, permits the convening authority to "waive any or all of the forfeitures of pay and allowances required by subsection (a) for a period not to exceed six months." 10 U.S.C. § 858b (2016). However, neither Article 57 nor Article 58b permits the convening authority to "waive" a fine for any period of time, and no other rule grants that power to the convening authority.

As, pursuant to Article 57(c), UCMJ, the fine was unexecuted until the convening authority acted, the attempt to "defer" the fine was a nullity, without effect. However, the appellant's bargained for "waiver of adjudged fines" served to unlawfully delay the payment of the fine as required by the law. The government had no authority to strike that bargain, yet that provision was one of the few benefits—along with deferral and waiver of forfeitures—accruing to the appellant from his PTA.

---

[1] Appellate Exhibit III at 1.

[2] Record at 128.

[3] *Id.*

Interpretation of a PTA's meaning and effect is a question of law that we review *de novo*. *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009). An appellant's pleas are improvident when a mutual misunderstanding about a material PTA term results in him not receiving the benefit of the bargain. *United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003) (citing *United States v. Hardcastle*, 53 M.J. 299, 302 (C.A.A.F. 2000); *United States v. Williams*, 53 M.J. 293, 296 (C.A.A.F. 2000)). Therefore, a guilty plea may be withdrawn when a court-martial's "collateral consequences are major and the appellant's misunderstanding of the consequences (a) results foreseeably and almost inexorably from the language of a pretrial agreement; (b) is induced by the trial judge's comments during the providence inquiry; or (c) is made readily apparent to the judge, who nonetheless fails to correct that misunderstanding." *United States v. Bedania*, 12 M.J. 373, 376 (C.M.A. 1982).

"[I]t is the military judge's 'responsibility to police the terms of [PTAs] to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness.'" *United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011) (quoting *United States v. Partin*, 7 M.J. 409, 412 (C.M.A. 1979)). "To ensure that the record reflects the accused understands the [PTA] and that both the Government and the accused agree to its terms, the military judge must ascertain the understanding of each party during the inquiry into the providence of the plea." *United States v. Smith*, 56 M.J. 271, 272-73 (C.A.A.F. 2002) (citations omitted).[4] While RULE FOR COURTS-MARTIAL 910(h)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), requires only that the military judge "inquire into any parts of a [PTA] which were not previously examined" after announcing the sentence, the ultimate requirement is that the military judge "address the parties' understanding of any limitations on the sentence in order to assure that there is a mutual agreement." *Smith*, 56 M.J. at 273 (citations omitted).

Despite the government being unable to comply with a material PTA term, the appellant, nonetheless, "'is entitled to the benefit of any bargain on which his guilty plea was premised.'" *Smith*, 56 M.J. at 272 (quoting *Bedania*, 12 M.J. at 375)). When specific performance is not possible, "[a]n appellate court may determine that alternatives to specific performance or withdrawal of a plea could provide an appellant with the benefit of his or her bargain," provided the appellant accepts the alternate remedy. *Perron*, 58 M.J. at 86.

---

[4] *See also* RULE FOR COURTS-MARTIAL 910(f), MANUAL FOR COURTS MARTIAL, UNITED STATES (2012 ed.).

As the government and the appellant are in agreement that this court should disapprove the appellant's sentence to a fine of $4,000.00,[5] we take remedial action consistent with their agreement.

## CONCLUSION

The findings are affirmed. Only so much of the approved sentence as provides for six months' confinement, reduction to pay grade E-1, and a bad-conduct discharge is affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[5] Appellee's Response to Court Order to Show Cause at 1; Appellant's Response to Court Order to Show Cause at 1.