# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

### No. 201700062

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### AUSTIN J. MICELI
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Matthew J. Kent, USMC.
Convening Authority: Commanding General, 1st Marine Division,
Camp Pendleton, CA.
Staff Judge Advocate's Recommendation: Lieutenant Colonel
Matthew J. Stewart, USMC.
For Appellant: Captain W. Scott Laragy, JAGC, USN.
For Appellee: Captain Brian L. Farrell, USMC; Lieutenant Megan P.
Marinos, JAGC, USN

———————————

Decided 31 August 2017

———————————

Before HUTCHISON, FULTON, and RUSSELL, *Appellate Military
Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

———————————

RUSSELL, Judge:

A military judge sitting as a general court-martial convicted the appellant, consistent with his plea, of sexual assault by false pretense in violation of Article 120(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(b). The appellant was sentenced to four years' confinement,

reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement (PTA), on 8 February 2017 the convening authority (CA) approved the sentence as adjudged but suspended confinement in excess of 36 months, and waived automatic forfeitures for the remainder of the appellant's enlistment, which was a period greater than six months.[1]

After the case was submitted without assignment of error, we specified two issues: (1) does the waiver period ordered in the convening authority's action reflect a mutual misunderstanding of a material term in the PTA regarding automatic forfeiture protections, resulting in an improvident guilty plea?; and (2) if the plea was improvident, what relief is adequate to provide the appellant with the benefit of his bargain? We find that the parties mutually misunderstood a material PTA term, and further find specific performance not possible. Because the parties cannot agree to an appropriate alternative relief, we set aside the findings and sentence.

## I. BACKGROUND

Before trial, the accused and the CA entered into a PTA.[2] The CA agreed to suspend all confinement in excess of 36 months for a period of 12 months after the date of the CA's action. The CA also agreed to defer and waive automatic forfeitures in the amount of $1,566.90 per month if the accused established and maintained a dependent allotment in that amount.

After announcing the sentence, the military judge reviewed Part II of the PTA and explained its impact:

> MJ: . . . And then, it looks as though you have a dependent allotment agreement with the [CA], in that if your dependent, [L.M.], provides proof of an allotment to the [CA] before the CA acts, he'll defer any adjudged (sic) forfeitures under the agreement.
>
> Do you understand that provision?
>
> ACC: Yes, Your Honor.
>
> MJ: Okay.
>
> Do you understand all of the provisions of Part II?
>
> ACC: Yes, Your Honor.

---

[1] The appellant enlisted on 17 March 2014 for four years.

[2] Appellate Exhibits I and II.

> MJ: Do counsel agree with the Court's interpretation of Part II
> – that the reduction will be approved as adjudged, and – yeah –
> as well.
>
> Do counsel agree with the Court's interpretation?
>
> TC: The government agrees, sir.
>
> DC: Yes, Your Honor.[3]

The staff judge advocate's recommendation (SJAR) advised the CA that the appellant "ha[d] complied with the terms of the agreement and is entitled to the agreed upon benefit."[4] The SJAR also advised "you are required to defer and waive automatic forfeitures of any pay and allowances in the amount of $1556.90 per month provided that the accused establishes and maintains a dependent allotment."[5] There was no mention of any limit to the duration of the waiver.

The CA then waived automatic forfeitures for the remainder of the accused's enlistment as follows:

> Pursuant to the pretrial agreement, Forfeiture of and
> Pay and Allowances by operation of law in excess of
> $1566.90 pay per month is waived for the remainder of
> the accused's enlistment provided the accused creates
> and maintains an allotment in the amount of the waived
> forfeitures[], during the period of waiver, to [L.M.], a
> dependent of the accused.[6]

After we specified the issues, the appellant provided the court with a declaration describing his understanding of the terms included in the PTA. He stated that he believed the agreement provided for deferral of automatic forfeitures for the remainder of his enlistment—a provision that was important to him because he and his wife were expecting their first child.

## II. DISCUSSION

Interpretation of a PTA's meaning and effect is a question of law that we review *de novo*. *United States v Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009). An appellant's pleas are improvident when a mutual misunderstanding about a material PTA term results in him not receiving the benefit of the bargain. *United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003) (citing *United States*

---

[3] Record at 53-54

[4] SJAR at 1.

[5] *Id.*

[6] GCMCO No. 02-2016 at 2.

*v. Hardcastle*, 53 M.J. 299, 302 (C.A.A.F. 2000)); *United States v. Williams*, 53 M.J. 293, 296 (C.A.A.F. 2000)).

Where an accused negotiates a PTA in exchange for his guilty pleas and then does not reap the benefit of a material term of the agreement, his pleas may be rendered improvident. The remedies for the government's failure to fulfill the promises contained in a PTA are generally specific performance or withdrawal of the plea. *Id.* at 84.

## A. Mutual misunderstanding of material PTA term

As a predicate matter, we must first determine if the negotiated forfeiture protection is a material term of the agreement. We find that it is.

The appellant specifically bargained for a provision that would pay a certain dollar amount to his wife. Forfeiture protection was "very important to [the appellant] and [his] agreement to plead guilty rested in a significant degree on it."[7] Thus, we have little difficulty concluding that the forfeiture protection terms are material. *See United States v. Moore*, No. 200000603, 2000 CCA Lexis 206, at *8, unpublished op. (N-M. Ct. Crim. App. 15 Sep 2000) (finding that a "limitation on forfeitures was a *material* factor inducing him to enter into a [PTA] and plead guilty[,]" where it was "evident from the record," including post-trial clemency submissions, "that the appellant intended to negotiate an assurance from the Government that his dependent children would receive a fixed amount of financial support from his pay for a specific period of time while he served out his sentence") (emphasis in original).

While the provisions of a PTA are negotiated between an accused and the government, "it is the military judge's 'responsibility to police the terms of [PTAs] to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness.'" *United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011) (quoting *United States v. Partin*, 7 M.J. 409, 412 (C.M.A. 1979)). In policing a PTA, the military judge must confirm both parties agree to the terms of the agreement and, more importantly, that "the accused understands" it. *United States v. Smith*, 56 M.J. 271, 272-73 (C.A.A.F. 2002). Ultimately, the military judge must "address the parties' understanding of any limitations on the sentence in order to assure that there is a mutual agreement." *Id.* at 273 (citations omitted).

The fault does not lie with the military judge alone, however. The record demonstrates that the appellant, the trial defense counsel, the trial counsel, the staff judge advocate, and the CA all failed to recognize the CA's inability

---

[7] Appellant's Motion to Attach of 5 Jul 2017, Declaration of Appellant of 30 Jun 2017.

to waive automatic forfeitures for a period extending beyond six months, as set forth in Article 58b, UCMJ.

The forfeiture provision of the PTA itself waives automatic forfeiture of any pay and allowances due "during [the accused's] enlistment[.]" The provision further reads, "I understand that my enlistment is projected to end on 17 March 2018, and that if I am in confinement after that date, I will not receive any pay and allowances" pursuant to regulation. The next two sentences reference Article 58b(a)(1), UCMJ, as the mechanism for deferment and waiver of forfeitures. There is no mention, however, of Article 58b(b), UCMJ, which limits the waiver period to six months from the CA's action. Additionally, the military judge did not address this limitation in his inquiry into the provisions of the PTA with the appellant.[8]

The appellant "understood that [he] would be paid until the end of [his] enlistment in March 2018."[9] The CA apparently agreed: "Pursuant to the pretrial agreement, Forfeiture of Pay and Allowances by operation of law in excess of $1566.90 pay per month is waived *for the remainder of the accused's enlistment*[.]"[10] This mutual misunderstanding of a material PTA term renders the accused's guilty plea improvident.

## B. **Remedy**

When specific performance is not possible, "[a]n appellate court may determine that alternatives to specific performance or withdrawal of a plea could provide an appellant with the benefit of his or her bargain[.]" *Perron*, 58 M.J. at 86.

The parties cannot agree on alternative relief. The appellant requested that we affirm only 22 months of the approved confinement,[11] while the government countered that we either waive automatic forfeitures for six

---

[8] On appeal, the government contends that the Post-Trial and Appellate Rights Advisement, which does mention the six-month limitation, is dispositive because it demonstrates that the appellant was aware – before trial – that forfeitures could only be waived for six months from the date the convening authority acts. We disagree. If anything, the possible contradiction between the PTA and the advisement should have flagged the issue for the military judge's further inquiry.

[9] Appellant's Declaration of 30 Jun 2017.

[10] General Court-Martial Order 02-2017. Of note, even the erroneous action denies the appellant the benefit of his bargain, since the action waives forfeitures *in excess* of $1566.90 per month, not forfeitures of $1566.90 per month. However, the appellant denies any prejudice from this oversight—and we find none—as the appellant's spouse has, in fact, received the agreed upon forfeiture amount. *See* Appellant's Brief and Assignment of Error of 5 Jul 2017 at 1, n.1.

[11] Appellant's Brief at 12.

months, remand for a corrected CA's action, or set aside the appellant's pleas and authorize a rehearing.[12] Accordingly, we have no option other than to set aside the findings and sentence, authorizing a rehearing.

### III. CONCLUSION

The findings and the sentence are set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate CA with a rehearing authorized.

Senior Judge HUTCHISON and Judge FULTON concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[12] Appellee's Brief of 26 Jul 2017 at 11.