UNITED STATES, Appellee,

v.

Edward L. MITCHELL, Master Sergeant,
U.S. Air Force, Appellant.

No. 96–1198.
Crim.App. No. 31421.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 16, 1997.

Decided March 26, 1999.

For Appellant: *Robert A. Parks* (argued);
*Captain Harold M. Vaught* (on brief); *Captain Marge A. Overly.*

For Appellee: *Colonel Brenda J. Hollis* (argued); *Lieutenant Colonel Michael J. Breslin* and *Major Bryan T. Walker.*

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of committing indecent acts upon a child under the age of 16 years, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The general court-martial composed of officer and enlisted members sentenced him to confinement for 5 years, forfeiture of $500.00 pay per month for 5 years, and reduction to E–4. The convening authority approved only so much of the sentence that extended to confinement for 4 years and reduction to the grade of E–4. The Court of Criminal Appeals affirmed the findings and the sentence as approved by the convening authority.

On appellant's petition to this Court, we granted review of the following issue:

WHETHER APPELLANT'S PLEAS OF GUILTY WERE IMPROVIDENT BECAUSE OF A SUBSTANTIAL MISUNDERSTANDING OF THE EFFECTS OF HIS PRETRIAL AGREEMENT.

For the reasons stated below, we remand this case to the Court of Criminal Appeals for further proceedings.

I

Appellant enlisted in the Air Force on July 31, 1974. His last reenlistment was in September 1988, for a period of 6 years. In April 1994, appellant signed a 19–month extension of his enlistment, to be effective on September 19, 1994.

On July 12, 1994, almost 20 years after his original enlistment, appellant committed the offenses that were the subject of this court-martial. When confronted by the victim's father, appellant responded that he would not call the child a liar and acknowledged, "I know that I need help." Thereafter, appellant endeavored to expedite the process of his court-martial and to address the needs of his family.

As part of that process, appellant entered into a pretrial agreement that reflected his concern about the financial circumstances of his family. Appellant agreed to plead guilty to one specification of committing indecent acts, and the convening authority agreed to drop a similar specification. The agreement did not limit the period of confinement, if adjudged; nor did it protect appellant's anticipated military retirement income by precluding a punitive discharge. The only limitation on the sentence was an agreement by the convening authority to suspend any adjudged forfeiture of pay and allowances, to the extent that such forfeiture would result in appellant's receiving less than $700.00 per month. Under the agreement, the forfeitures would be suspended for a period of 12 months or the duration of confinement, whichever was greater. As part of the pretrial agreement, appellant agreed to execute a monthly allotment to his family for $700.00.

Appellant's court-martial took place on September 14, 1994—5 months after approval of the extension of his enlistment, and 5 days before the period of extension would begin. At trial, the military judge accepted appellant's pleas. The military judge specifically discussed with appellant the details of the agreement requiring him to establish a monthly allotment of $700.00 for support of his family, and providing for suspension of any adjudged forfeitures, to the extent necessary to permit him to provide such an allotment.

During the sentencing proceeding, the members posed specific questions about appellant's continuing eligibility for pay, if confined. The military judge, with the agreement of both parties, advised the members that appellant would not lose either his base pay or his basic allowance for quarters. He instructed the members separately on what action they needed to take if they wished to adjudge forfeitures.

The members sentenced appellant to confinement for 5 years, forfeiture of $500.00 pay per month for 5 years, and reduction to E–4. No discharge was adjudged. The sentence was consistent with his request that the members punish him, not his family, for his misdeeds. Appellant had asked the members to minimize forfeitures and reduc-

tions and to not impose a punitive discharge so he could remain eligible for retired pay.

Under the terms of the pretrial agreement, the adjudged forfeitures would have been suspended to the extent necessary to provide a $700.00 per month allotment to his family during the approximately 19 months that would remain on the previously approved extension of his enlistment.

Apparently unbeknownst to any of the participants in the process, appellant's eligibility for pay under Air Force personnel regulations was dependent upon the timing of his trial. Had appellant begun serving his confinement after September 19, 1994—the date on which his enlistment extension became effective—the pretrial agreement would have been implemented in the manner anticipated by the participants, which would have resulted in a monthly allotment for his family. His confinement began 5 days earlier, however, on September 14, 1994. Under Air Force personnel regulations, the enlistment extension could not take effect while appellant was in confinement, even with an approved extension. Para. 14–17a, Vol. I, Air Force Manual 13–130. The result was that the enlistment extension did not go into effect. Appellant's unextended period of enlistment ended, and his eligibility for pay—the condition necessary for provision of an allotment to his family—was terminated.

Appellant observes that, if the parties had been aware of the personnel rule, the date of sentencing could have been delayed so as to avoid consequences inconsistent with the purposes of the pretrial agreement. The impact of the rule, however, did not come to light until nearly 2 months after the court-martial, when appellant received a mid-November leave and earnings statement indicating that he was in a non-pay status.

Appellant's counsel, in his post-trial submission to the convening authority, described the problem and noted that it undermined the purpose of the pretrial agreement, in terms of protecting the family. In his submission, he requested that the problem be addressed through clemency action if it could not be resolved through finance channels. The staff judge advocate (SJA)'s recommen-dation to the convening authority noted the issue but did not comment on the merits. With respect to a separate issue, sentence appropriateness, the SJA recommended a re-duction in the period of confinement from 5 years to 4 years, and also recommended dis-approval of the forfeitures on the ground that they were irrelevant, in view of appellant's no-pay status.

The convening authority agreed and ap-proved the sentence, as modified in accor-dance with the SJA's recommendation. As a result, appellant was confined in a no-pay status, and his family was without the finan-cial stability contemplated by the pretrial agreement for the full duration of his con-finement.

## II

Under the issue granted by this Court, appellant challenged the providence of his guilty pleas on the ground that the unantic-ipated termination of his pay status reflected a substantial misunderstanding of the effects of his pretrial agreement. Appellant con-tended that the Government received the benefit of the bargain—guilty pleas on a charge which could have been contested—while appellant's family did not receive the financial support that was at the heart of the agreement.

During the oral argument of this case on December 16, 1997, defense counsel repre-sented to this Court that appellant was then eligible to retire, that he had applied several times for retirement, and that he had yet to hear of any action thereon. Several weeks after the oral argument, on January 8, 1998, the Government on its own motion filed with the Court a copy of a document entitled, "Action of the Secretary of the Air Force," dated December 29, 1997. In that action, the Secretary accepted appellant's request for retirement, "effective as soon as possible."

The Government's January 8, 1998, motion was unaccompanied by any explanation of the document's effect on the proceedings before our Court. We therefore issued an order on March 9, 1998, directing the Government to "demonstrate the meaning and effect of the Action of the Secretary of the Air Force, its

impact on the granted issue, and the anticipated effective date of appellant's retirement." The Government filed a response on July 17, 1998, and appellant filed a reply thereto on August 21, 1998.

These filings indicate: (1) appellant was retired on February 1, 1998, under 10 USC § 8914, in the grade of E–4; (2) he has received $731.00 per month in retired pay since then; and (3) under 10 USC § 8964, he will be advanced to the grade of E–5—the last grade in which he served successfully—upon reaching 30 years of active and retired service, on July 30, 2004.

The Government's response to our Order observed that, although "the Secretary's action was not specifically called clemency," it was not required as a matter of law. The Government added that the Secretary's action "[was] more than fair, and more than [made] up for any claim that the unintended consequences of the pretrial agreement resulted in unfairness to Appellant."

Appellant disagreed, contending that the retirement was not an act of clemency but was earned as a result of "excellence at the top levels of duty for two decades." Further, he argued that, because any impact on retirement is a collateral consequence of court-martial proceedings, granting him retirement cannot redress the wrong inflicted on him. Finally, appellant asserted that retirement does not affect the central issue of law in this appeal—whether he would have accepted the pretrial agreement if he had known before trial that he would lose his enlistment extension and, as a consequence, enter a no-pay status.

### III

■ Under the granted issue, if appellant did not receive the benefit of the bargained-for pretrial agreement, the pleas would be treated as improvident, the findings would be set aside, and he would be subject to retrial. *See, e.g., United States v. Olson,* 25 MJ 293 (CMA 1987). We note that in appellant's post-trial submission to the convening authority, he did not insist upon enforcement of the literal terms of the agreement. He recognized that it might be difficult for the convening authority to restore his enlistment extension, and that alternative relief in the form of reducing other portions of the sentence might adequately fulfill the purposes of the pretrial agreement.

In his final brief in this Court, appellant again recognized that such alternative relief might be appropriate: "Now he seeks only to have the chance to gain the benefit of his bargain, or some other relief that might be considered just under the circumstances." Final Brief at 16. In short, appellant does not insist that his pleas were improvident as a matter of law; rather, it is his position that it is within the power of the Government to provide alternative relief that would give him the benefit of his bargain.

The essence of the Government's most recent submission to our Court is that the Secretary's acceptance of appellant's application for retirement moots the granted issue because it is more than adequate to address the effect of appellant's unanticipated placement in a no-pay status following his trial. Whether this is the case depends upon the laws, regulations, and practices governing retirement.

■ In view of post-oral argument developments that have the potential for mooting the granted issue, the effect of the Secretary's action as a matter of law should be resolved before we address the granted issue. Because the effect of the Secretary's action primarily involves the regulations and practices of the Air Force, we believe that it should be addressed in the first instance by the Air Force Court of Criminal Appeals, which can be expected to bring special expertise to bear on service regulatory matters.

■ Upon remand, the Court of Criminal Appeals must consider whether, as a matter of law or regular practice, a similarly situated airman would have been placed in a retired-pay status, as a matter of course, without regard to any litigation concerning that airman's pretrial agreement. If so, appellant's receipt of retired pay cannot be viewed as a means of enforcing the pretrial agreement against him. If not, then it is possible that the Secretary's action could be viewed

as an adequate means of providing appellant with the benefit of his bargain.

■ Moreover, even if the Court of Criminal Appeals concludes that the Secretary's action is insufficient to provide appropriate alternative relief, that court has authority, under Article 66, UCMJ, 10 USC § 866(1994), to provide such additional relief—*e.g.*, with respect to the reduction in grade—as may be necessary to achieve that objective. If the court concludes that the Secretary's action is insufficient and that other relief available to the court likewise is insufficient, the court may set aside the findings, as well as the sentence, and authorize a rehearing based on appellant's improvident pleas.

## IV

The decision of the United States Air Force Court of Criminal Appeals is set aside. The case is returned to the Judge Advocate General of the Air Force for remand to that court for further consideration of the effect of the Secretary's action in light of this opinion. Following such consideration, Article 67, UCMJ, 10 USC § 867(1994), will apply, unless the court, pursuant to this opinion, concludes that the pleas were improvident and remands the case authorizing a rehearing.