**UNITED STATES, Appellee,**

v.

**David L. HARDCASTLE, Lance Corporal, U.S. Marine Corps, Appellant.**

No. 99–0632.
Crim.App. No. 97–2088.

U.S. Court of Appeals for
the Armed Forces.

Submitted Sept. 13, 1999.

Decided Aug. 18, 2000.

SULLIVAN, J., delivered the opinion of the Court, in which GIERKE, and EFFRON, JJ., and COX, S.J., joined. CRAWFORD, C.J., filed an opinion concurring in the result.

For Appellant: *Lieutenant John D. Holden,* JAGC, USNR (on brief).

For Appellee: *Colonel Kevin M. Sandkuhler,* USMC, *Commander Eugene E. Irvin,* JAGC, USN, and *Lieutenant Kevin S. Rosenberg,* JAGC, USNR (on brief).

Judge SULLIVAN delivered the opinion of the Court.

Appellant was tried by a general court-martial composed of a military judge sitting alone at Camp Pendleton, California. Pursuant to his pleas, he was found guilty of distributing and using methamphetamine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. On June 3, 1997, he was sentenced to a bad-conduct discharge, confinement for 30 months, total forfeitures, and reduction to pay grade E–1. On October 17, 1997, the convening authority, in accordance with a pretrial agreement, approved this sentence but deferred and suspended the adjudged forfeitures in excess of $400 pay per month for 6 months (with provision for automatic remission) and deferred and waived the automatic forfeitures in excess of $400 pay per month until 6 months after the date of the convening authority's action. On February 19, 1999, the Court of Criminal Appeals affirmed in an unpublished opinion. *United States v. Hardcastle,* No. 97–2088 (unpub.) (N.M.Ct.Crim.App., February 19, 1999).

On August 5, 1999, this Court granted review on the following two issues:

I. WHETHER APPELLANT'S PLEAS TO ALL CHARGES AND SPECIFICATIONS WERE IMPROVIDENT BECAUSE APPELLANT WAS INDUCED INTO PLEADING GUILTY BY AN HONEST AND SUBSTANTIAL MISUNDERSTANDING AS TO A MATERIAL TERM IN THE PRETRIAL AGREEMENT, PARAGRAPH 3 OF THE MAXIMUM SENTENCE APPENDIX, FORFEITURE LIMITATION.

II. WHETHER APPELLANT'S PLEAS TO ALL CHARGES AND SPECIFICATIONS WERE IMPROVIDENT BECAUSE A MATERIAL PROVISION IN THE PRETRIAL AGREEMENT, THE FINE/FORFEITURE SENTENCE LIMITATION, WAS NEGOTIATED AND AGREED UPON BY THE GOVERNMENT AND APPELLANT BASED UPON A "MUTUAL MISTAKE."

On the basis of appellate government counsel's concession on Issue II, we resolve these questions in appellant's favor and remand this case for a rehearing. *See generally United States v. Bedania*, 12 MJ 373, 376 (CMA 1982).

Appellant's pay at the time of this court-martial was $1151.10 per month (E–3). The charge sheet shows that he enlisted on June 14, 1993, for a period of 4 years. His pretrial agreement in this case provided:

*Forfeitures:*

a. *Adjudged Forfeitures:* As adjudged, however, *adjudged forfeitures in excess of $400.00 pay per month will be suspended from the date of the convening authority's action*, at which time, unless sooner vacated, the suspended forfeitures will be remitted without further action. This Agreement constitutes the accused's request for, and the convening authority's approval of, deferment of those adjudged forfeitures of pay and allowances which are to be suspended pursuant to the terms of this Agreement and would otherwise become effective under Article 57(a)(1), UCMJ. The period of deferment will run from the date adjudged forfeitures would otherwise become effective until the date of the convening authority's action.

b. *Automatic Forfeitures: Automatic forfeitures, in excess of $400.00 pay per month, will be deferred provided the accused establishes and maintains a dependent's allotment in the amount of $400.00 pay per month during the entire period of deferment.* This Agreement constitutes the accused's request for, and the convening authority's approval of, deferment of automatic forfeitures pursuant to Article 58b(a)(1), UCMJ. The period of deferment will run from the date the automatic forfeitures would otherwise become effective under Article 58b(a)(1), UCMJ, until the date the convening authority acts on the sentence. Further, this Agreement constitutes the accused's request for, and the convening authority's approval of, waiver of automatic forfeitures. *The period of waiver will run from the date the convening authority takes action on the sentence until six months thereafter. The waived forfeitures shall be paid to Ms. Kathleen Hardcastle, who is my dependent.*

(Emphasis added.)

On June 3, 1997, the military judge discussed this provision with appellant and his defense counsel in this colloquy:

MJ: Paragraph three deals with forfeitures. It indicates that should the court adjudge any forfeitures, they may be approved as adjudged. However, any adjudged forfeitures in excess of $400.00 pay per month will be suspended from the date of the convening authority's action at which time, unless sooner vacated, these suspended forfeitures will be remitted without further action.

And this agreement constitutes your request for and the convening authority's approval of deferment of those adjudged forfeitures of pay and allowances which are to be suspended pursuant to the terms of this agreement and would otherwise become effective under Article 57(a)(1) of the UCMJ; and the period of deferment will run from the date of the adjudged forfeitures—the date the adjudged forfeitures would otherwise become effective until the date of the convening authority's action. *Well, in this particular case, since I ad-*

*judged forfeitures of all pay and allowances, paragraph (a) is applicable to your case, and you will still be entitled to receive $400.00 pay per month, and the amount in excess of that you are going to be required to forfeit that.*

ACC: *Yes, sir.*

MJ: *Is that your understanding, Major Schum, as well?*

DC: *Yes, sir; that is correct.*

MJ: *And Captain Mulcahy?*

TC: *Yes, sir.*

MJ: And the latter part of paragraph (a) says that the deferment of those adjudged forfeitures will run from the date they would otherwise become effective until the date of the convening authority's action. Is that your understanding?

ACC: Yes, sir.

MJ: Now, paragraph (b) says that regarding automatic forfeitures in excess of $400.00 pay per month will be deferred provided you establish and maintain a dependent's allotment in the amount of $400.00 pay per month during the entire period, and this agreement constitutes your request for and the convening authority's approval of deferment of automatic forfeitures pursuant to Article 58b(a)(1) of the UCMJ. And the period of deferment will run from the date the automatic forfeitures would otherwise become effective under Article 58b(a)(1) of the UCMJ until the date the convening authority acts on the sentence.

Further, this agreement constitutes your request for and the convening authority's approval of the waiver of automatic forfeitures; and the period of waiver will run from the date of the convening authority's action on the sentence until six months thereafter, and the waiver of forfeitures shall be paid to Mrs. Kathleen Hardcastle, who is your dependent. Is that correct?

ACC: Yes, sir.

MJ: *So as long as you immediately take out an allotment and you make it out in the name of Kathleen Hardcastle, the convening authority has agreed that you are going to still receive $400.00 pay per month, and this is all going to go to Mrs.*

*Kathleen Hardcastle. Is that your understanding?*

ACC: *Yes, sir.*

MJ: And should you not successfully complete this allotment out, then the convening authority, it appears to me, according to the provisions of paragraphs (b), he's no longer bound or obligated to suspend any of the forfeitures in this particular case. Is that your understanding?

ACC: Yes, sir.

MJ: Major Schum, is that your understanding of how that's to operate?

DC: Yes, sir.

MJ: Okay; Captain Mulcahy, same?

TC: Yes, sir.

(R. 56–58) (emphasis added).

The convening authority subsequently acted in this case on October 17, 1997. He stated:

In the general court-martial case of Lance Corporal David L. Hardcastle [SSN] U.S. Marine Corps, tried on 7 and 11 April 1997 and 3 June 1997, at Camp Pendleton, California, the sentence is approved and, except for the bad-conduct discharge, ordered executed, but execution of that portion of the sentence *adjudging forfeitures in excess of $400.00 pay per month* will be deferred from the date adjudged forfeitures would become effective under Article 57(a)(1), UCMJ, until the date of this action, and *automatic forfeitures in excess of $400.00 pay per month* will be deferred from the date automatic forfeitures would become effective under Article 58b(a)(1), UCMJ, until the date of this action *and then automatic forfeitures will be waived for six months, provided the waived automatic forfeitures are paid to Mrs. Kathleen Hardcastle, the accused's dependent.* The suspended portions of the sentence will last for the stated periods, at which time, unless sooner vacated, the suspended portions of the sentence will be remitted without further action. Total forfeitures are approved until such time as the approved and unsuspended confinement is lawfully terminated and, thereafter, forfeiture of $600.00 pay per month is

approved until discharge is ordered executed.

(Emphasis added.)

The Court of Criminal Appeals found the following facts concerning appellant's pleas of guilty:

> In his two assignments of error, the appellant asserts that his guilty pleas to all charges and specifications are improvident due to a misunderstanding concerning a term of his pretrial agreement. That term required the Convening Authority to defer and then waive forfeitures in excess of $400 pay per month. Unfortunately for the appellant, his court-martial occurred just 11 days before the expiration of his enlistment (EAS). As appellant notes in this brief, "[p]ursuant to MILPERSMAN 1050155 and PAYPERSMAN 10223, Appellant is not entitled to receive pay or allowances while being held past his EAS in order to serve his adjudged confinement." Appellant's Brief at 4. Both the appellant and his trial defense counsel have submitted post-trial affidavits attesting to their lack of knowledge of these provisions. In fact, they indicate that they believed that the appellant would continue to receive pay based upon the terms of the pretrial agreement.
>
> Following submission of appellant's brief, this court decided *United States v. Williams*, 49 MJ 542 (N.M.Ct.Crim.App. 1998). In *Williams* we upheld the providence of pleas under similar circumstances. Applying the *Williams* framework, we have examined the providence inquiry and find no evidence that his pleas were either improperly induced or involuntary. *Accordingly, we find that the appellant's pleas were not rendered improvident by his misunderstanding of pay regulations that would apply to his case.*

Unpub. op. at 2 (emphasis added).

———

Our starting point in resolving this appeal is the Government's concession that "because appellant did not receive the benefit of his bargain, his pleas were improvident." Govt.'s Answer to Final Brief at 2. It reached this conclusion based on this Court's decisions in *United States v. Mitchell*, 50 MJ 79 (1999), and *United States v. Olson*, 25 MJ 293 (1987). We accept this concession by the Government. *See United States v. Bedania, supra; see generally Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (an accused is entitled to the benefit of his bargain on which his guilty plea is based).

Appellate government counsel articulated its reasoning for this concession:

> Based upon this controlling precedent, the Government is constrained to agree that on the facts of this case, appellant's pleas are improvident. Under *Olson*, the term in question herein, suspension and waiver of forfeitures, is material because it was interjected into the proceedings by the pretrial agreement. *Id.* at 297. Just as in *Olson*, all of the parties misunderstood the Government's ability to comply with this term. *Id.* This "misunderstanding as to [this material] term gives appellant the right to rescind the agreement." *Id.* Accordingly, since appellant did not receive the benefit of his bargain, his pleas are improvident, the findings should be set aside, and appellant should be retried. *Mitchell*, 50 MJ at 82; *Olson*, 25 MJ at 297–98.

Govt. Brief at 3–4 (footnotes omitted).

It also provided an alternative rationale for its concession:

> Even if this term were collateral, the Government would still be constrained to agree with appellant. As this Court has noted,
>
>> When collateral consequences of a court-martial conviction ... are relied upon as the basis for contesting the providence of a guilty plea, the appellant is entitled to succeed *only when the collateral consequences are major and the appellant's misunderstanding of the consequences ... is induced by the trial judge's comments during the providence inquiry ....*
>
> *United States v. Bedania*, 12 MJ 373, 376 (CMA 1982). *Here, the military judge specifically told appellant that as a result of the pretrial agreement, he would receive*

*$400.00 pay per month, and would forfeit the amount in excess of that.* Record at 57. Although the military judge misadvised appellant regarding the meaning of the forfeiture provisions of the pretrial agreement, appellant, trial counsel, and defense counsel stated that they agreed with the military judge's interpretation of the pretrial agreement. Record at 42, 57–59. Regardless, even if this provision is collateral, appellant is entitled to succeed.

Govt. Brief at 4 n. 2 (emphasis added).

We conclude that appellant's case is controlled by our decision in *United States v. Bedania, supra* at 376. The military judge expressly stated to appellant that the pretrial agreement entitled him to $400 pay per month to go to his dependent after his court-martial. This case is different from *United States v. Albert,* 30 MJ 331 (CMA 1990), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 672 (1991), where there was no representation by the convening authority, trial counsel, or the military judge as to post-trial entitlement to pay and the automatic forfeiture provisions of Article 58b, UCMJ, 10 USC § 858b, were not involved. Accordingly, we conclude that the Government's concession is appropriate.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is reversed; the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

CRAWFORD, Chief Judge (concurring in the result):

I concur in the disposition of this case based solely on appellate government counsel's concession. *See United States v. Williams,* 53 MJ 293 (2000)(Crawford, C.J., concurring). This is a case of detrimental reliance with a simple solution—make appellant financially whole. *See United States v. Cooke,* 11 MJ 257 (CMA 1981); *see also United States v. Koopman,* 20 MJ 106 (CMA 1985). The Government's surrender under the cover of *United States v. Mitchell,* 50 MJ 79 (1999), a case unlike the one at bar, is a mystery to me, for I can find no evidence

that appellant's plea was other than freely, voluntarily, and intelligently made.

Prior to trial, appellant negotiated a pretrial agreement in which the convening authority agreed to suspend any adjudged confinement in excess of 36 months for 12 additional months. Through a combination of deferment and waiver actions, the convening authority also agreed to leave appellant with $400 pay each month until 6 months after the convening authority acted, provided appellant initiated an allotment in that amount payable to Kathleen Hardcastle.

According to a memorandum by Major Schum, appellant's trial defense counsel, he contacted the Disbursing Office for the 1st Force Service Support Group units at Camp Pendleton, California. Major Schum explained his proposed pretrial agreement, as it related to forfeiture of pay, and also explained appellant would reach the end of his active service while in confinement. Then, Major Schum relates:

The Disbursing Office representative told me that if the convening authority agreed to the specific terms of the proposed agreement, Private Hardcastle would still receive the $400.00 pay per month for his son. The representative believed that the deferment and waiver of automatic forfeitures would keep him from entering a no-pay status while confined past his end of active service.

Appellant was sentenced on June 3, 1997, 11 days prior to the end of his enlistment contract with the Marine Corps. In reliance on his defense counsel's advice and facing a maximum punishment that included, *inter alia,* 20 years' confinement, appellant pled guilty to distributing and using methamphetamines. The military judge sentenced him to a bad-conduct discharge, 30 months of confinement, total forfeitures, and reduction to E–1. The record is silent as to what, if any, pay appellant received subsequent to his court-martial.

The record does show that on October 3, 1997, appellant submitted an extensive clemency request to the convening authority pur-

suant to RCM 1105 and 1106, Manual for Courts–Martial, United States (1995 ed.). Although appellant was incarcerated during June, July, August, and September, 1997 (subsequent to the expiration of his enlisted service), there is no mention in any of these clemency matters about Kathleen Hardcastle not receiving $400 a month or the Government failing to keep its end of the pre-trial agreement bargain. On October 17, 1997, the convening authority took action deferring and waiving the forfeitures in accordance with the pretrial agreement.

In September 1998, over a year after his court-martial convened, appellant filed an affidavit claiming that he entered into this pretrial agreement *solely* to secure the benefit of financial support for his son. Interestingly, appellant has submitted no evidence of what funds, if any, were disbursed to Kathleen Hardcastle in accordance with the pretrial agreement. The Government has produced no pay records, or any other evidence, to show what money, if any, Ms. Hardcastle has received.

Justice has no price tag and pretrial agreements can not always fit within the strictures of contract-law principles. *Koopman, supra* at 110. However, so long as contract-law principles are not outweighed by Constitutional protections and imperatives, we will follow those principles when examining relevant aspects of pretrial agreements. *United States v. Acevedo,* 50 MJ 169, 172 (1999); *see Government of Virgin Islands v. Scotland,* 614 F.2d 360, 364 (3d Cir.1980); *cf. United States v. Olson,* 25 MJ 293, 297 (CMA 1987).

Both *Olson* and its purported progeny, *Mitchell,* are grounded on the precept that *if* or *when* an appellant does not receive the benefit of his bargain, the plea will be treated as improvident. Nothing in these decisions prohibits the Government from belatedly compensating an appellant to make him whole. Furthermore, nothing prohibits a lower court from ordering specific performance by the Government to ensure a servicemember gets that to which he or she is entitled.

When the misunderstanding in a pretrial agreement involves fiscal considerations, the better practice is to allow the Government the option of placing both parties in the respective positions for which they bargained. In this case, the Government could have paid appellant $400 per month for the number of months agreed upon, plus interest, and restored appellant to the position for which he freely and voluntarily bargained.

Based on appellate government counsel's concession, I assume that the Department of the Navy has no mechanism available to make appellant whole. Similarly, I presume that counsel believes that the lower court has no ability to fashion an appropriate remedy for any failure by the Government to live up to its end of the agreement. Accordingly, I join, albeit reluctantly, in setting aside the findings and sentence and permitting the Government the opportunity to shoulder the expense of a rehearing in this case.