# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

―――――――――――――

### No. 201700074

―――――――――――――

### UNITED STATES OF AMERICA
Appellee

v.

### JONATHAN T. THOMAS
Master-at-Arms Second Class (E-5), U.S. Navy
Appellant

―――――――――――――

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Robert J. Crow, JAGC, USN.
Convening Authority: Commander, Navy Region Southeast, Naval
Air Station, Jacksonville, FL.
Staff Judge Advocate's Recommendation: Lieutenant Commander
George W. Lucier, JAGC, USN.
For Appellant: Captain Scott F. Hallauer, JAGC, USN.
For Appellee: Lieutenant Taurean K. Brown, JAGC, USN;
Lieutenant Megan P. Marinos, JAGC, USN.

―――――――――――――

Decided 26 October 2017

―――――――――――――

Before MARKS, JONES, and WOODARD, *Appellate Military Judges*

―――――――――――――

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

―――――――――――――

JONES, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of simple assault and wrongfully enticing a person to engage in a sexual act with him in exchange for money, in violation of Articles 128 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928 and 934 (2012). The military judge sentenced the appellant to six

months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence but suspended one month of confinement and, except for the punitive discharge, ordered it executed.

The appellant claims his pleas are improvident because the government breached the pretrial agreement (PTA). The government agrees, as do we. We set aside the findings and the sentence in our decretal paragraph.

## I. BACKGROUND

The appellant reached his End of Active Obligated Service (EAOS) on 17 May 2015 but was placed on legal hold pending the outcome of his court-martial. He then entered into a PTA with the CA wherein he agreed, *inter alia*, to (1) voluntarily extend his enlistment so the government could administratively discharge him; and (2) waive his administrative discharge board:

> f. I agree to waive any administrative discharge board that is based on any act or omission reflected in the charges and specifications that are the subject of this agreement. I understand that any administrative discharge will be characterized in accordance with service regulations and may be under other-than-honorable conditions. I fully understand the nature and purpose of an administrative discharge board and the rights that I would have at such a board. I specifically agree to remain on active duty past my [EAOS] date of 17 May 2015 so that the [g]overnment can administratively separate me. I agree to deliver to trial counsel the completed and signed waiver on the morning of the guilty plea.[1]

As consideration, the CA agreed to defer and waive automatic forfeitures for the benefit of the appellant's dependents:

> Automatic forfeiture of pay and allowances I am due during my enlistment will be deferred and waived provided that I establish and maintain a dependent's allotment in the total amount of the deferred and waived forfeiture amount during the entire period of deferment. I understand if I am in confinement *after my voluntary enlistment extension*, I will not receive any pay and allowances pursuant to Paragraph 010402, Volume 7A, DoD 7000.14-R, Financial Management Regulations. . . . The deferred and waived forfeiture [sic] shall

---

[1] Appellate Exhibit (AE) XIV at 3, ¶ 8(f).

be paid to Ms. [KC] and Ms. [TT], who are the mothers of my dependents.[2]

On 1 November 2016, the morning of trial, the appellant provided two pieces of paperwork to the government—his request to extend his enlistment for four months and a waiver of his administrative discharge board.

When the trial began, the military judge summarized a RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) conference regarding everyone's understanding that the appellant could voluntarily extend his enlistment for administrative purposes even though he was past his EAOS:

> [T]he government indicated a desire to attach an exhibit with respect to voluntary extension for the purposes of administrative separation to give any appellate and/or administrative authorities the guidance that . . . an accused can voluntarily extend an enlistment for administrative purposes, and the government indicated the defense has complied with their portions of the pretrial agreement with respect to that.[3]

The military judge then asked both parties if they concurred with his summation regarding these issues, and they both indicated that they did and had nothing further to add. The trial counsel also provided the court with an information memo, the purported authority for an accused to voluntarily extend his enlistment for administrative purposes.[4]

After announcing the sentence, the military judge reviewed Part II of the PTA with the appellant and explained that—in spite of his awarding the appellant a punitive discharge—the appellant would be able to execute an extension and have forfeitures deferred and waived. He informed the appellant that even though he would be in confinement and past his EAOS, the CA had agreed to defer and waive forfeitures for his dependents' benefit. Both the trial and defense counsel concurred with the military judge's explanation to the appellant.[5]

---

[2] AE XV at 1, ¶ 3(b) (emphasis added).

[3] Record at 50-51.

[4] AE XVI, Assistant Legal Counsel to the Navy Personnel Command Memorandum re Other Than Honorable (OTH) Discharge After Expiration of Active Obligated Service (EAOS) of Enlisted Members dtd 17 Oct 16.

[5] Record at 148-49.

In his clemency petition to the CA, the defense counsel pointed out that the appellant was not getting forfeiture protection because the government would not let him voluntarily extend his enlistment past his EAOS. The staff judge advocate (SJA) agreed that specific performance of the PTA was not possible and recommended to the CA that he approve only five of the six months' confinement that had been adjudged—which he did.[6]

## II. DISCUSSION

Interpretation of a PTA is a question of law we review *de novo. United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006). An appellant waives various constitutional protections when agreeing to plead guilty pursuant to a PTA. *Id.* Therefore, a PTA establishes a binding constitutional contract between the appellant and the CA and "[i]n a criminal context the government is bound to keep its constitutional promises . . . ." *Id.* It is the military judge's responsibility to police the terms of a PTA and to ensure the provisions are in compliance with prevailing law. *See United States v. Riley*, 72 M.J. 115, 120 (C.A.A.F. 2013).

> When an appellant contends that the government has not complied with a term of the agreement, the issue of noncompliance is a mixed question of fact and law. The appellant bears the burden of establishing that the term is material and that the circumstances establish governmental noncompliance. In the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant. If such a remedy does not cure the defect in a material term, the plea must be withdrawn and the findings and sentence set aside.

*United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (internal citations omitted).

In the appellant's case, all of the parties believed that the effect of the PTA was to extend his enlistment for four months from the date of trial—until 1 March 2017—so his dependents would receive money that would have been automatically forfeited. Unfortunately, the trial counsel, defense counsel, appellant, military judge, SJA, and CA were all mistaken in their belief that the appellant could voluntarily extend his enlistment when he was past his EAOS. In truth, his enlistment had ended on 17 May 2015, and he was only on legal hold for purposes of the court-martial. Therefore, there was

---

[6] The appellant had not served any time in pretrial confinement.

no enlistment to extend.[7] The trial counsel appears to have misinterpreted an "Info Memo" by the Assistant Legal Counsel to the Navy Personnel Command which discussed how members who are on legal hold and facing court-martial can bargain for an Other-Than-Honorable discharge in a PTA.[8]

In *United States v. Smith*, 56 M.J. 271 (C.A.A.F. 2002), the Court of Appeals for the Armed Forces (CAAF) was faced with the same factual scenario as the case *sub judice*. There, Smith had negotiated payment of adjudged and automatic forfeitures to his dependent children as part of his PTA. *Smith*, 56 M.J. at 273. However, his enlistment had expired, and he was on legal hold; therefore, he was not entitled to any pay while in confinement. *Id.* at 275. As in the appellant's case, all of the parties in the Smith case—the CA, SJA, trial counsel, defense counsel, appellant, and military judge—were under the misunderstanding Smith would be paid after his court-martial. *Id.* at 275-77. The CAAF set aside this court's opinion and remanded the case for further action because the government could not provide specific performance in paying Smith's dependents. *Id.* at 280. *See also United States v. Williams*, 55 M.J. 302 (C.A.A.F. 2001) (holding that when an accused pleads guilty relying on incorrect advice from his attorney on a key part of the PTA involving entitlement to pay, and the military judge shares that misunderstanding and fails to correct it, the plea is improvident); *United States v. Hardcastle*, 53 M.J. 299, 303 (C.A.A.F. 2000) (concluding that when all parties mistakenly believed that the accused would receive forfeiture protection, his pleas were improvident).

We find *Smith's* holding binding in the appellant's case. The government did not comply with a material term of the PTA because regulations prohibit the appellant from extending his enlistment. This error is not susceptible to remedy in the form of specific performance by the government, and the appellant can reject the alternative relief because it is not "'an adequate means of providing the appellant with the benefit of his bargain.'" *Smith*, 56 M.J. at 279 (quoting *United States v. Mitchell*, 50 M.J. 79, 83 (C.A.A.F. 1999)). The appellant has rejected the alternative relief and wants specific performance. Therefore, there is no remedy to cure the defect in the government's breach of a material provision of the PTA, and in spite of the CA's attempt to compensate the appellant by approving one less month of the awarded confinement, the appellant is entitled to the benefit of his bargain.

---

[7] *See* Naval Military Personnel Manual, Art. 1160-040 (Ch-58, 16 Feb 2017).

[8] AE XVI. *See also* note 4, *supra*.

### III. CONCLUSION

Accordingly, we set aside the findings and the sentence. *See Smead*, 68 M.J. at 59 (C.A.A.F. 2009). The record of trial is returned to the Judge Advocate General for remand to a proper CA. A rehearing is authorized.

Senior Judge MARKS and Judge WOODARD concur.

For the Court

R. H. TROIDL
Clerk of Court